I will call the first case, which is James Shara v. Maine-Endwell School District Councils. Arnold Benjamin on behalf of Appellants. Angelo Catalano on behalf of the Appellee. Okay, you may proceed. May it please the Court, I think that this case... Wait, wait. It looks like you have 15 minutes, but I... Oh, no, there it is. Okay, now it's right. Go on. Sorry. That's all right. I think this case provides a good set of facts for the Court to establish a blanket rule, which some circuits have already established, that when a person, a public employee, is speaking as a representative of a union, that as a matter of law, that person is speaking as a private citizen. And all of the cases that have addressed these issues have almost gone directly to addressing the issues of whether or not the employee is speaking on a matter of public concern. In this particular case, both in the complaint and in Judge McAvoy's recitation of facts, sets forth clearly that one of the goals of the district in taking the actions that it took was to replace Mr. Shara as the union negotiating representative. But was this part of his union responsibilities to inquire about the buses? It was not. It was part of his union responsibilities. It was not part of his bus driver responsibilities. I think that the issues that the parties were negotiating about were not just money. I think safety was a key issue. And, you know, I'm getting ahead of myself because I think, and I'll address that in a moment, I think what I want to focus on first is that there's an associational right that Mr. Shara has, as any union member has, which is protected by the First Amendment, which I think clearly was violated here when the district took steps to remove him by terminating him. Andrew. Join the meeting. By terminating him from his position as a bus driver so that I would think there should be a cause of action for violating the associational rights, which are clearly separate from the speech component, and I'll now turn to the speech issue. One of the problems with adjudicating this at the complaint stage is you cannot really analyze the speech component. Judge McEvoy just glossed over that by suggesting that it emanated from his position as a bus driver and that therefore it is something that is speaking as a public employee. Now, I think that under Garcetti there may have been arguments that you could make that would permit that kind of a finding, but I think that the Supreme Court in the Lane case limited that broad reading of Garcetti and basically said unless it's part of the job as opposed to concerning the job, you cannot find that the employee is speaking as a public employee about issues related to that. Counselor, you argue this was not part of his job. Absolutely. I think one of the major problems with this, all we have right now is that his position was a bus driver and all he does as a bus driver is he drives a bus. The issue of the safety. This is Judge Park. Can I ask you, isn't maintaining school buses part of the, what's the phrasing, indispensable prerequisite to Mr. Scherr's responsibility as a bus driver? No, it is not, Your Honor. That's why they have a garage and garage mechanics whose job it is to maintain the safety of the buses. All the bus drivers do is drive the buses and if there are issues, then report them. This is Judge Sullivan. Isn't this like Weintraub? I mean, this is, there was a teacher reporting a disciplinary problem that related to safety in the classroom. This is a bus driver having a dispute about the safety of two buses and how that ought to be reported. I believe it's distinguishable from Weintraub because Weintraub involved the filing of agreements and the focus was on the lack of a civilian analog for that. Here we are talking about bus safety, number of inspections, and something that is of concern to the community, to the citizens, to the students. And here, the other problem with dismissing at this early stage is you don't have a factual development to know what conversations were occurring. All we know from right now is that the plaintiff was talking to a bus mechanic and they were talking about, among other things, the number of times that the report should be made about bus safety. It's not part of his responsibilities as a bus driver. It is his capacity. The only way he gets to talk to a mechanic is in his capacity as union vice president. And therefore, he is speaking basically as a private citizen while he is undertaking that dialogue. I'd like to move to whether this is a matter of public concern. This seems like a fairly intramural dispute that relates to how often and in what manner these problems are reported. The complaint doesn't say really much about safety. It just really talks about this reporting disagreement. Why is that a matter of public concern, whether this is once daily until the problem is solved or once and then it's presumed the problem is not solved? I'm sorry. No, no, I'm sorry. Go ahead. Because of the implications of what happens when reporting is not done. We are talking about accidents. We're talking about student lives. But here reporting was done, counsel. Here reporting was done. Well, to begin with, you know, that there was overall negotiations going on. But assuming we limit it right now to the safety issues, that to me would be a matter of concern to the parents. It is something that could be debated at board meetings on what level of supervision the mechanics and the maintenance should be taking in order to safely allow students to go back and forth to school. It doesn't stop simply on the issue of how many times you report the and it's something that I think doesn't say that the complaint doesn't say anything about the larger issue of child safety. You touch on that in your brief, but that's not a complaint. No, it's not. But it can reasonably be inferred from the complaint. I mean, rule eight basically says a short, concise statement of facts. We're not going to have to set forth our entire case in the course of pleading a complaint. I think that unlike Weintraub, where you have the grievance that really there's no analogy here, safety issues are commonly disputed, subject of debate in the community so that it is something of public concern. What here I think the problem is cutting it off at the complaint stage, you don't give plaintiff an opportunity to set forth the context of the statement, the number of times the statements were made, and whether there were other issues including in the negotiations that were all subject to his responsibilities as a union member, not as a bus driver. Mr. Benjamin, you have reserved two minutes for rebuttal. All right. Thank you. We'll hear from Mr. Catalano for the school district. Good morning. May it please the court. My name is Angelo Catalano. I represent the defendant of Pele, Maine-Endwell Central School District. Counsel, if I was a parent in the Maine-Endwell School District and my kid was riding the bus, wouldn't I want to know that the bus has failed inspection? Judge, I think you're correct that a safety issue could be potentially an issue. Well, wouldn't I want to know? Wouldn't that be public that I'd want to know before I put my kid on the bus that it had failed a safety inspection? Sergeant, I don't think that you would want to know or care when and how often an employee makes a report of safety issues. There is no allegation that the buses were unsafe or that the school refused to comply with the safety request or the reporting. They failed inspection. And what Mr. Schara is arguing is that it should be reported every day until the issue was repaired or fixed. I believe the complaint is that everything relating to the bus should be reported on a daily basis. The mechanic didn't say that he wasn't going to fix anything if it wasn't reported daily. The issue was, we don't need you to remind me every single day that this bus has a perceived safety issue. How do I know what was the matter with the bus was fixed? I'm a parent. How do I know I could put my kid on the bus? Because of the fact that the bus was on the road and was operating in a safe manner. The issue in this complaint, Your Honor, is not that the buses were unsafe. It was that there was a dispute regarding the process, the procedure of how and when to report a safety issue. Two buses failed inspection, didn't they? I do not believe two buses did fail inspection, Your Honor. I believe the issue was how often they should report when there are perceived safety issues. For example, one of the issues, I don't believe it's in the complaint, but one of the safety issues was about idling of the buses and the noise of the buses while they were idling. It's not really a safety issue, which is part of the reason the district did not need to hear about these every single day because they weren't actually safety issues. However, taken as true, the allegations are that there were disagreements regarding what their reporting requirements were, whether the procedure as an employee was to report every single day or if the procedure as an employee was to report the incident one time and let the mechanic fix the issue. We all know that there are certainly times where it takes a mechanic longer to fix something than we might like. However, the mechanic doesn't need to know every single day the district's policy and procedure was reported to me once, I will fix the issue. You don't need to report the same issue to me every day when we have a conversation. The issue is this is purely an employee action. It's the employee responding to the mechanic. There is no analogy for the private citizen. Going back to that issue, the private citizen part having no analogous terms, similar terms, similar to Weintraub. In Weintraub, there was a grievance filed. In this matter, there's a PERB proceeding, the New York State Public Employment Relations a proceeding alleging the exact same facts, requesting the exact same relief. There is no public analogous to what they're doing in this instance. What was the upshot of the PERB proceeding? Has it been completed? The PERB proceeding has not been completed. There is no decision yet on the PERB proceeding. But the fact is, it's the exact same allegations. So if the exact same allegations are made in the Public Employment Relations Board alleging terms and conditions of employment, then certainly this matter, which has the exact same fact pattern and asks for the exact same relief, is taken as an employee seeking matters of employment, not speaking as a private citizen on a matter of public concern. Speak to the fact that Mr. Schauer was a union officer. I don't think that the fact that he was a union officer played any role whatsoever. So you say, but you admit he was a union officer and he has certain rights as a union officer to raise issues, does he not? He certainly does. However, speech as a union officer does not automatically become a matter of public concern and it certainly doesn't become a matter as a private citizen. The actions that are alleged here are in his capacity as a bus driver. The actions of reporting on a daily basis what he believes or perceives there to be safety issues for a bus. That's the central crux of this entire issue, is that it's the employee speaking as an employee to his employer, to his co-workers, about what he perceives to be safety issues and what he perceives to be the proper procedure for a public employee to report it. The difference here is that he's not affected by the safety issue. He's a bus driver. He's going to continue to drive. That differs also from Garcetti and some of the other cases. He was reporting this either as a union official or a parent or a driver who wanted safe buses. Why isn't that a matter of public concern? It could be a matter of public concern if the issue was these buses are unsafe. Wait a second. If it could be a matter of public concern by the 12-6 motion, doesn't he get the chance to go a little further with this lawsuit? Sounds to me like a factual issue. Judge, respectfully, the district's position is that this, as alleged, is not a matter of public concern. Certainly, there are circumstances where bus safety could be a public concern, but the allegations in the complaint are not that the bus was unsafe and that it was a matter of public concern. The allegations in the complaint on the four corners of the page are that he disagreed with how he should be reporting the issues. We draw the inference that he disagreed about reporting because he was concerned about the doesn't seem to be adequate safety response to a failed inspection. I don't believe that is a proper inference to draw in this circumstance because the complaint alleges that he had daily communications with the mechanic. So if he's speaking with the mechanic on a daily basis, the plaintiff is aware that the mechanic knows about it. The issue is whether or not he has to fill out a daily form, a piece of paper as an employee reporting those issues. He had daily conversations with the bus mechanic. The mechanic said in his capacity as a mechanic, I don't need you in your capacity as a bus driver to tell me every day the same issue when we've spoken about it previously and we've discussed the need that there's parts coming in and the work is being completed on the bus. The key issue is that this speech owes its entire existence to Mr. Shara's position as a bus driver. If he was not a bus driver, this speech would not exist. So therefore, it is similar to Weintraub or Garcietti. In Weintraub, it's the same thing where an employee alleges there's a perceived safety concern. So he files a grievance and he becomes insubordinate with his actions. It's the same thing in this instance where the speech owes its existence to his position. I'm sorry, to his position as a school bus driver. If he wasn't, but for him being a school bus driver, this issue never arises. The allegations of the complaint purely speak to him speaking as a bus driver and disagreeing with the district's procedure for a bus driver reporting what he perceives to be safety issues. There's no allegation that he's speaking as a private citizen. But apart from being a parent, he's also driving these buses. Doesn't he have an interest personally in not driving an unsafe bus? Your Honor, he does have an interest in driving the bus. His interest in driving the bus is that as an employee. No private citizen is driving these buses. His alleged safety issue... I mean the safety of the buses. Doesn't he have an interest in the safety of the buses? Not to mention that there are busload of kids that he's driving around. He certainly has an interest in that. But his allegations are that as an employee. He's not saying that he's concerned as a private citizen that the buses being operated are unsafe. He's saying that as an employee, I think I should be reporting this on a daily basis. And then he became insubordinate with his actions with trying to report it in violation of district procedure. Every single step that he took in this matter, every single allegation that he makes, purely owes its existence to his position as a bus driver. And under Garcietti and under Weintraub, that is the key element here. In addition to that, there is no... The first time we've ever heard anything relating to this being a matter of public concern is in the brief from Mr. Shara at this court's level. There's no allegation that the public at large knows or cares or has any evidence whatsoever relating to the process and the procedure for reporting perceived safety issues. I agree. But if the public at large knew about failed inspections, I think they would be very interested in the outcome. Anyway, your time has expired. I just want to be... I'm sorry to ask you a question. I want to be clear. Is there anything in this complaint that suggests that safety issues were being sort of swept under the rug or were not being addressed? Your Honor, no, there are not. That is one of the key issues to this matter. That's why it is not a matter of public concern. The entire allegation is about an employee reporting perceived safety issues. Thank you. Thank you. Mr. Benjamin, you have two minutes. I think, number one, the district is locked into the truth of the allegations that among the subjects being discussed were the fact that there were two failed inspections, safety inspections of school buses. Right, but is there an allegation... Is there an allegation that the school district wasn't addressing them? It seems to me the only allegation is about the frequency and manner in which the status of the bus was reported. I think that the issue, they would not be discussing it if the school district was not trying to take what was in the view of the union being expressed through Mr. Scharra, inadequate safety precautions, probably to save money. But wait, so if I'm in Mr. Scharra's shoes and I think that the reports should be highlighted in yellow and have a post-it next to the problems, and I'm told, don't do that, you don't need to highlight, you don't need post-its, that would be a matter of public concern and that would be something that would be entitled to First Amendment protection? What is First Amendment protection is the subject matter, which is safety. That is one aspect of it and that aspect certainly would concern not only Mr. Scharra, but any parent and is a subject that would be discussed at board meetings. And what I want to... Wait, wait, you think at board meetings they would be discussing the use of post-its and highlighting? Well, you know, that minutiae detail may not be the subject of a board meeting, but what may well be is the number of times safety inspections should be reported and how they should be reported. This is simply a method. It's the subject matter that is of public matter concern. So that here, yes, I think that there would be subjects like that at board meetings that would be discussed because particularly the school district's only motivation here is to save money. I don't understand this at all. It seems to me that the dispute is whether reporting it once is enough or whether the report has to be made continuously until the problem is solved. I think that that's an unduly narrow reading of what's being in the complaint because before that there's an allegation of them discussing safety issues, not just the amount of reports, although that is one of the issues. Mr. Benjamin, I neglected to ask you and I neglected to ask your opposing counsel about the FOIA request. Didn't Mr. Sharma make a FOIA request? Yes, he did. To Albany? Yes. Thank you. Now- This is Judge Park. Could I just ask you one question about 1983 claims, which I assume is what this is. Under Monell, don't you have to plead the existence of a municipal policy or custom? Yes, you do, Your Honor. And then if we would not stop- And where is that in the complaint? What we would be alleging and what is in the complaint is enough to show ratification by the school district of a policy that related to the safety of the buses. So that- Just to be a little bit more precise about that, could you tell me where in the complaint you think that there is a- municipal policy? Two ways, Your Honor. Number one, by pleading the director- positions and titles that we have pled with respect to the individuals that we're interfering with and terminated Mr. Sharma are policymakers, at least for purposes of 1983. And there's only going to be factual development that can go forward that will demonstrate whether they are low level and not policymakers or whether they are in fact and whether or not there can be an inference of policy based on just their position. And then the number of times and the overall action, well, could show a district policy of attempting to take away rights of Mr. Sharma by repeatedly trying to replace it as union representative and so on. But, you know, we don't plead all of that in a federal complaint at the beginning. And to the extent we remiss, then at least leave should be given to amend based on the facts and circumstances that are in the complaint. Did you ask to amend? Yes. No, I mean, I did not cross move to amend because I think the complaint sets forth a viable First Amendment claim. But after the district court ruled, did you ask to amend? No, I did not. Thank you. Thank you. Your time is up. Thank you both. We'll reserve decision.